## PEOPLE v GALBRAITH

1. Criminal Law—Preliminary Examination—Testimony—Recording or Transcript.

Recording the testimony of preliminary examination testimony may be by recording device or stenographer, but the only statutorily recognized record is the written transcript (MCLA 600.8611, 600.8635).

2. Criminal Law—Evidence—Preliminary Examination Testimony —Unavailable Witness—Recording or Transcript.

Recording the preliminary examination testimony of an unavailable witness from the written transcript of the proceeding rather than playing the tape recording which was made of the testimony was proper even though the defendant objected that the recording was the best evidence and that it was helpful to the jury in assessing the witness's credibility because the only statutorily recognized record of the preliminary examination is the transcript (MCLA 600.8635, 768.26).

Appeal from Alpena, Philip J. Glennie, J. Submitted Division 3 May 4, 1972, at Lansing. (Docket No. 12322.) Decided May 26, 1972.

Carlos Galbraith was convicted of breaking and entering a housetrailer with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Roger C. Bauer,* Prosecuting Attorney, for the people.

*James G. Orford,* for defendant on appeal.

Reference for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law § 440 *et seq.*

Before: QUINN, P. J., and FITZGERALD and VAN
VALKENBURG,* JJ.

QUINN, P. J. A jury convicted defendant of
breaking and entering a housetrailer with intent
to commit larceny, MCLA 750.110; MSA 28.305.
He was sentenced and he appeals.

All of the issues raised on appeal relate to
defendant's claim that reversible error occurred
when the trial court, over defendant's objection,
permitted the reading of that part of the prelimi-
nary examination transcript which contained the
testimony of a witness missing at the time of trial.
A recitation of the facts relating to the crime
would add nothing to our analysis of the proce-
dural problem presented.

The witness whose testimony was involved had
escaped from prison and could not be located.
Defendant does not question the admissibility of
the testimony under MCLA 768.26; MSA 28.1049.
Defendant's contention was and is that because
the testimony was electronically recorded prior to
transcription, he was entitled as a matter of right
to have the recording played to the jury instead of
reading the transcript to it. This contention raises
a novel question.

After swearing the district court recorder, quali-
fying him and identifying the transcript involved,
the prosecuting attorney offered in evidence that
part of the transcript which contained the testi-
mony of the missing witness. Defendant objected
to the offered evidence on the basis of improper
foundation and that the transcript was not the
best evidence.

MCLA 600.8601; MSA 27A.8601 provides that a

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

district court shall have a recorder or stenographer. MCLA 600.8611; MSA 27A.8611 provides that all proceedings in district court shall be recorded by the recorder by recording devices or by the stenographer. The record establishes that the district court recorder recorded the testimony on his recording device and then transcribed the recording in a transcript thereof. A sufficient and proper foundation was laid.

MCLA 600.8635; MSA 27A.8635 provides:

"An original and copy of the verbatim record of all preliminary examinations in which the defendant is bound over to circuit court for further proceedings, * * * shall be reduced to writing by the district court recorder or stenographer and upon completion thereof shall be filed with the clerk of the district court or with the clerk of the circuit court, as directed by the district court."

We note that MCLA 600.8601 and MCLA 600.8611, *supra,* provide alternatively for a recorder or stenographer and recording by recording device or by stenographer but that the only provision for the record of the proceedings is the reduction to writing by the recorder or stenographer of the verbatim record. We conclude that the only statutorily recognized record is the transcript, which eliminates the best evidence argument.

There is merit in defendant's argument relative to the use of the recording. As stated in *People v Sligh,* 48 Mich 54, 57 (1882):

"The production of witnesses in open court is one of the best means of trying their credit, and every one knows how difficult it is to judge from written testimony of the demeanor and appearance which would strike those who examined them."

The recording will not produce the witness, but it

will produce the voice of the witness, the inflections, the hesitancy and the pauses, all of which are helpful in assessing credibility. However, until the Legislature or the Supreme Court recognize that merit and by statute or rule provide for the use of the recording, the argument is academic.

Affirmed.

All concurred.